IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK D. PRYOR, IV,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> ORLANDO HARPER, C.O. LENHART, and  ) <br> SGT. BYTNER,  ) <br> ) <br> Defendants.  ) | Civil Action No. 19-1387 <br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF Nos. 79, 83, 85 and 86 |

## <u>MEMORANDUM ORDER</u>

Plaintiff Frederick D. Pryor, IV ("Pryor") is an inmate at the State Correctional Institution at Pine Grove ("SCI – Pine Grove"), and proceeding *pro se*, brings claims against Defendants Orlando Harper ("Warden Harper"), C.O. Lenhart, and Sgt. Bytner (collectively, "Defendants") arising out of his incarceration at Allegheny County Jail ("ACJ"). Pryor alleges that Defendants violated his constitutional rights when they failed to protect him from a known risk of sexual assault and then retaliated against him when he refused to lock into his assigned cell with his assailant.

Presently before the Court are four motions: (1) Defendants' Motion for Protective Order, ECF No. 79; (2) Plaintiff's Motion for Additional Discovery, ECF No. 83; (3) Plaintiff's Motion for Preliminary Injunctive Relief, ECF No. 85; and (4) Plaintiff's Motion for Leave of Court to Obtain Written Affidavits, ECF No. 86.  The Court addresses each motion in order.

### 1. Motion for Protective Order – ECF No. 79

Through the Motion for Protective Order, ECF No. 79, Defendants seek to preclude production of 31 documents that contain confidential personal and sensitive information including

home addresses and identification numbers of Allegheny County corrections officers; records of unrelated employment disciplinary matters; the identities of inmates who allegedly suffered sexual assaults at the Allegheny County Jail; and Plaintiff's personal identifiable information. ECF No. 79-1.

The record of this matter establishes that Plaintiff filed a Motion for Status Conference, ECF No. 57, and Motion for Sanctions, ECF No. 68, to address discovery lapses. The Court directed counsel for Defendants to address whether Defendants responded to Pryor's written discovery requests. ECF No. 58. The Court also directed counsel to file a copy of any responses on the docket of this matter. Id.

In response to the Order, counsel for Defendants filed "Responses to Requests for Production of Documents," with a list of all documents concurrently produced. ECF No. 66. The documents were filed on the public docket of this matter at ECF No. 67-1. Upon review by the Court, it was apparent that counsel had produced documents identifying by name at least one victim of a reported sexual assault at the ACJ, as well as home addresses and other personally identifiable information of ACJ corrections officers. After identification of this filing error, the documents at ECF No. 67-1 were removed from public view by Court personnel.

Counsel for Defendants then filed a "Notice of Accidental Disclosure." ECF No. 71. Counsel represents that he contacted Plaintiff's current facility and requested that the originally produced documents be returned. Plaintiff was provided a set of redacted documents. Id. Counsel filed a copy of the newly produced documents, omitting about 58 pages of his original production without providing an explanation required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, or motion pursuant to Rule 26(c). ECF No. 72-2. The Court directed Defendants to file an appropriate motion for protective order with a privilege log identifying documents requested

by Plaintiff but excluded from production or otherwise redacted. ECF No. 74. The pending Motion for Protective Order followed, with service upon Plaintiff. Plaintiff has not responded to the Motion, despite the Court's Order requiring him to do so by July 19, 2021. ECF No. 80. The Court's consideration of the Motion has been conducted with an *in camera* review of original documents as produced. ECF No. 67-1.

The Court considers the pending Motion mindful of the breadth of permissible discovery under the Federal Rules of Civil Procedure. To that end, Rule 26(b) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26. However, the scope of discovery is not unlimited.

> Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue a protective order "to shield a party from annoyance, embarrassment, oppression, or undue burden or expense" during discovery. Fed. R. Civ. P. 26(c)(1); see also Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). "A protective order is intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings." In re Avandia Mktg. Sales Pracs. & Prods. Liab. Litig., 924 F.3d 662, 671 (3d Cir. 2019) (quotation marks omitted); see also McKenna v. City of Philadelphia, No. Civ.A. 98-5835, 2000 WL1521604, at *1 (E.D. Pa. Sept. 29, 2000) ("Whether th[e] disclosure will be limited depends on a judicial balancing of the harm to the party seeking protection (or third persons) and the importance of disclosure to the public."). The "party seeking a protective order over discovery material must demonstrate that good cause exists for the order." In re Avandia, 924 F.3d at 671. "Good cause means that disclosure will work a clearly defined and serious injury to the party seeking closure," and the injury "must be shown with specificity." Id. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." Pansy, 23 F.3d at 786.

Rosenblit v. City of Philadelphia, No. CV 20-3121-KSM, 2021 WL 288887, at *4 (E.D. Pa. Jan. 28, 2021).

Turning first to the redactions of sensitive personal information related to Defendants and other ACJ corrections officers, including home addresses, photographs, and identification numbers, the Court finds the redactions of this information is warranted and appropriate. Such information is not relevant to any claim set forth in the Complaint and the Court agrees that personal information must be kept confidential in the interests of Defendants' personal security and safety.

Defendants next seek to exclude from discovery personnel records of the named Defendants as irrelevant to any claim at issue. In this regard, Plaintiff seeks complete employment records of Defendants Lenhart and Bytner, including assignments, duties, reports or complaints against them, as well as records of all disciplinary proceedings. ECF No. 56 ¶ 3. As a general matter, "[a]lthough personnel files are discoverable, they contain confidential information and discovery of them should be limited." Harris v. Harley-Davidson Motor Co. Operations, Inc., 2010 WL 4683776, at *5 (M.D. Pa. 2010) (citing Reagan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir. 2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994) ("[P]ersonnel files are confidential and discovery should be limited.")).

Defendants state that the documents not produced to Plaintiff include unrelated disciplinary proceedings for time and attendance issues, medication distribution, computer usage, and sick leave violations. ECF Nos. 79, 79-1. In addition, as to Defendant Bytner, the records address a failure to videotape a planned used of force to involuntarily medicate a patient and an incident of

insubordination. Id. These records have been reviewed by the Court as originally docketed at ECF No. 67-1, and the Court agrees that absent objection by Plaintiff, production is not warranted in this instance as to all documents except records of Defendant Bytner's discipline for insubordination and failure to follow procedure in a planned use of force. These documents may be relevant to inmate safety issues. Id. at AC-0077 and AC-00098. The Court finds that the remaining records identified in Defendants' motion are properly withheld as unrelated to the claims in this action. In the absence of a demonstration of relevance by Plaintiff, the Court, while reluctant to prohibit discovery, will grant the Motion for Protective Order. Bracey v. Price, No. CIV.A. 09-1662, 2012 WL 849865, at *3 (W.D. Pa. Mar. 13, 2012) (motion to compel personnel records that have no bearing on claim asserted denied).

Plaintiff also seeks the names of all inmates who were allegedly sexually assaulted by Inmate Booth while incarcerated at the ACJ. ECF No. 56. Such information has potential relevance to Plaintiff's Eighth Amendment failure to protect claim and therefore falls within the ambit of permissible discovery under Rule 26. Defendants state that "[t]he only two sexual assault allegations against Inmate Booth were determined to be founded allegations. In one instance, Booth was charged with sexual assault crimes. In the other, the victim declined to cooperate in a prosecution. Booth also received internal discipline at the Allegheny County Jail." ECF No. 89 at 2. The records produced by Defendants include copies of reports of both assaults and reveal that one of the two incidents occurred months after Plaintiff's own alleged assault. ECF No. 72-2 at 71-91.

Through the pending motion, Defendants seek an order protecting against the disclosure of the names of the victims to protect the victims' right to privacy and avoid any potential embarrassment or humiliation. ECF No. 79 at 3. The release of such confidential and personal

information regarding the names of other inmates can be used to blackmail, harass, or assault an inmate, "thereby creating a substantial risk of physical harm to the subject inmate and any staff who intervene." Banks v. Beard, Civ. No. 3:CV-10-1480, 2013 WL 3773837, at *5 (M.D. Pa. July 17, 2013).

Moreover, evidence of the incident post-dating Plaintiff's alleged assault has no apparent relevance to the failure to protect claim, as it does not permit an inference that Defendants knew of and disregarded any risk of danger presented by requiring Plaintiff to share a cell with Booth. See Bracey v. Pennsylvania, Dept. of Corr., 571 F. App'x 75, 78 (3d Cir. 2014) (failure to protect claim requires actual awareness of danger based on history of inmate attacks).

As to the incident that predates Plaintiff's alleged assault, Defendants have provided information related to the assault relevant to notice of risk, and the victim's identity does not add information sufficient to overcome the factors weighing against disclosure. Thus, based on the discovery adduced to date that discloses information related to the two instances identified, and giving due consideration to protect sexual assault victims from potential abuse or humiliation, disclosure of the identities of the victims is not warranted.

In summary, the Motion for Protective Order is granted as to all sensitive and confidential identifying information in the records produced, including home addresses and identification numbers. The Motion for Protective Order is also granted as to Defendants Lenhart and Bytner's employment and disciplinary records, except that Defendant Bytner's disciplinary records for insubordination and failure to follow procedure in a planned use of force, identified as AC-0077 and AC-00098 shall be produced. Finally, the Motion for Protective Order is granted as to the names of sexual assault victims at the Allegheny County Jail for the period 2016-2020; however, *counsel shall confirm that all documents related to assaults by Inmate Booth that predate*

*Plaintiff's alleged injury, including incident and investigation reports, and any related criminal proceedings, redacted to remove the name of any alleged victim, have been produced by September 3, 2021.*

### 2. Motion for Additional Discovery/Motion for Written Affidavits – ECF Nos. 83 and 86

Plaintiff presents two discovery-related motions. The first, a "Request for Additional Discovery" seeks the production of video of his alleged sexual assault, as well as documents related to an earlier sexual assault involving Inmate Taylor Booth. ECF No. 83. Plaintiff also presents a "Motion Requesting Leave of Court to Obtain Written Affidavits" from each victim, seeking their responses to questions related to the ACJ's response to reports of sexual assault incidents. ECF No. 86.

For the reasons set forth as to the Defendants' Motion for Protective Order, the Court denies Plaintiff's Motions at ECF Nos. 83 and 86 insofar as Plaintiff seeks the identity of any other alleged sexual victim. *The Court, however, instructs counsel for ACJ to conduct a complete review of all records of the incidents involving inmate Taylor Booth and, after appropriate redaction of inmate names and identifying information, produce any related records of incidents that predate Plaintiff's alleged assault that have not been produced to date.*

Plaintiff's motion to compel video of his own alleged assault is denied based on Defendants' representations that no such video exists. The Court cannot compel production of materials that do not exist or concerning items which a defendant lacks possession, custody, or control.

### 3. Motion for Preliminary Injunction/Relief regarding Mail Procedures – ECF No. 85

Finally, Plaintiff seeks relief as to Defendants' compliance with Pennsylvania Department of Corrections' ("DOC") Inmate Mail Policy. Plaintiff asserts that pursuant to the policy, non-legal mail is re-routed though a processing center in Florida, leading to delivery delays. Plaintiff therefore seeks an order requiring that Defendants deliver mail to him as privileged "Legal Mail" to bypass the offsite mail handling process. ECF No. 83. To that end, Plaintiff has also filed a "Motion Requesting Preliminary Injunctive Relief." ECF No. 85. Plaintiff asserts that the processing of mail sent as non-privileged "is a hinderance with the timing Plaintiff would receive mail from the Defendants." Id.

DOC's mail policy is set forth at DC-ADM 803, and classifies mail as either "privileged" or "non-privileged."[1] Incoming privileged mail is defined as mail from an inmate's attorney, mail from a court, or mail from an elected or appointed federal, state, or local official if the mail from that official involves a matter related to a confidential investigation process or similar concerns. DC-ADM 803, Inmate Mail and Incoming Publications Manual Glossary of Terms, at 4. "Privileged correspondence" is defined as mail that "only contain[s] essential, confidential, attorney-client communication." Id. at 1-11. Privileged mail must be addressed and sent to the inmate at the address of the institution where he or she is housed. Non-privileged mail is required to be sent the DOC's contract incoming inmate mail processor and is scanned and electronically transmitted to the inmate's facility. Facility staff then print and deliver the paper copies to the inmate recipient. Id. 1-8. As such, it is evident that mail from counsel for Defendants is not

---

[1] The current DOC policy is available at:
https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf

privileged, and it is not sent to Plaintiff in the context of an existing attorney-client relationship. Thus, the relief sought by Plaintiff, requiring counsel for Defendants to "send all mail to Plaintiff, due to the nature of the correspondence, as legal mail" would require the Court to issue an order to DOC to change its mail policy. However, DOC is not a party to this lawsuit.

Preliminary injunctive relief is an extraordinary remedy and should issue only in limited circumstances. Ferring Pharm., Inc. v. Watson Pharm., Inc., 765 F.3d 205, 210 (3d Cir. 2014). Four factors inform a court's decision on the issuance of a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will suffer irreparable harm if denied relief; (3) whether the requested relief will cause greater harm to the nonmovant; and (4) whether an injunction would be in the public interest. Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012). The first two factors are "most critical" to the court's analysis, and the movant cannot succeed if either of these two factors are not established. Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017). If these first two "gateway factors" are met, the court considers the remaining factors and determines whether all four factors, on balance, weigh in favor of granting the requested preliminary relief. Id.

Further, as relevant to Plaintiff's particular claims, "[t]he purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity." Scutella v. Erie Cty. Prison, No. 1:19-CV-00168, 2020 WL 1140719, at *1 (W.D. Pa. Mar. 9, 2020) (citing Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)). The facts must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n. 3 (3d Cir. 1990). ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d

Cir. 1987) (it is not enough to merely show irreparable harm; the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the Court should deny preliminary injunctive relief. Acierno v. New Castle County, 40 F.3d 645, 655 (3d Cir. 1994).

In this case, Plaintiff's request for relief does not meet the criteria for issuance of a preliminary injunction. As an initial matter, the Court cannot issue the requested injunctive relief against the DOC because it is not a party to this case. See McLaughlin v. Zavada, No. CV 19-422, 2019 WL 5697347, at *2 (W.D. Pa. Nov. 4, 2019) (citing Victor v. SCI Smithfield, 2011 WL 6003923, at *4 (M.D. Pa. Nov. 30, 2011) ("pursuant to Federal Rule of Civil Procedure 65(d), non-parties to litigation cannot be bound by injunctions unless they have been found to be acting "in active concert or participation" with the party against whom injunctive relief is sought")).

In addition, Plaintiff is requesting relief that is unrelated to any issue in this litigation. In this regard, the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of the underlying claims on their merits. Thus, "the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." James v. Varano, No. 1:14-CV-01951, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017). In other words, "there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction." Id. (citing Ball v. Famiglio, 396 F. App'x. 836, 837 (3d Cir. 2010)). A request for injunctive relief must be dismissed if "the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), *amended on reh'g*, 131 F.3d 950 (11th Cir. 1997)(citing De Beers Consol. Mines v. United States, 325 U.S. 212, 220

10

(1945)); and see Brathwaite v. Phelps, 602 F. App'x 847, 849 (3d Cir. 2015); Jones v. Secretary Pennsylvania Dept. of Corr., 589 F. App'x 591, 594 (3d Cir. 2014) (same).

"This is not an arbitrary distinction or a technicality; rather, the Court completely 'lacks jurisdiction over claims raised in a motion for injunctive relief' where those matters are 'unrelated to the underlying complaint.'" Seldon v. Wetzel, No. 1:19-CV-90, 2020 WL 1495303, at *3 (W.D. Pa. Mar. 6, 2020), *report and recommendation adopted*, No. 1:19-CV-90, 2020 WL 1493547 (W.D. Pa. Mar. 27, 2020) (internal citations omitted). Thus, because Plaintiff's Motion is unrelated to his underlying claims and implicates a non-party, the Court is without jurisdiction to resolve his dissatisfaction with DOC's Inmate Mail procedures.

To the extent that Plaintiff seeks injunctive relief because of the "hinderance with the timing Plaintiff would receive mail from the Defendants," alternatives are available. Motions for extensions of time are routinely granted when good cause is shown. However, with regard to the pending motion, because the Court is without jurisdiction to grant relief regarding the DOC's mail procedures, Plaintiff's Motion Requesting Preliminary Injunctive Relief is denied.

Accordingly, the following Order is entered:

**ORDER**

AND NOW, this 12th day of August, 2021, upon consideration of the pending discovery-related motions, IT IS HEREBY ORDERED follows:

1. Defendants' Motion for Protective Order, ECF No. 79, is granted as to all documents identified in Defendants' Privilege Log, ECF No. 79-1, except documents AC-00077 and AC-000098 related to Officer Bytner's discipline for insubordination and conduct related to a planned use of force.

2. Plaintiff's Motion for Additional Discovery, ECF No. 83, is granted regarding documents related to allegations of sexual assault involving Inmate Taylor Booth while incarcerated at the Allegheny County Jail; *however*, other than Plaintiff's incident, the names of any other alleged victims and identifying information shall be redacted. Defendants shall review ACJ records and by September 3, 2021, produce to Plaintiff all appropriately redacted documents not previously produced. The Motion for Additional Discovery is otherwise denied.

3. Plaintiff's Motion Requesting Preliminary Injunctive Relief, ECF No. 85, is denied.

4. Plaintiff's Motion Requesting Leave of Court to Obtain Written Affidavits from Victim #1 (George) and Victim #2 (Logan) of Plaintiff's Abuser, ECF No. 86, is denied.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF

     Frederick D. Pryor, IV
     HS 0551
     SCI Pine Grove
     189 Fyock Road
     Indiana, PA 15701